UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20231-CR-HUCK/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PEDRO GALLEGO-SANCHEZ,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTION TO COMPEL
GOVERNMENT TO FILE RULE 35 MOTION**

Defendant Pedro Gallego-Sanchez has filed a Motion to Compel Performance of Agreement, which the Honorable Paul C. Huck referred to me. [DE 328, 339]. Defendant asks the Court to compel the United States to file a motion, under Rule 35 of the Federal Rules of Criminal Procedure, to reduce Defendant's sentence. Alternatively, he asks the Court to hold an evidentiary hearing on his Motion. [DE 337]. The Motion is fully briefed. [DE 332, 334, 335, 336].

**I.    Background**

In March 2008, Defendant was charged by Indictment with Hobbs Act robbery and multiple firearms and narcotics trafficking charges. [DE 40]. In May 2008, Defendant pled guilty to some of those charges pursuant to a written plea agreement with the government. [DE 114]. As part of that agreement, Defendant agreed to cooperate with the government, and the government agreed to evaluate his cooperation as follows:

1

> If **in the sole and unreviewable judgment of this Office** the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, this Office **may**…make a motion …[under] Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced…. **The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motions and that this Office's assessment of the nature, value, truthfulness, completeness and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.**

[DE 114, ¶ 10] (emphasis added). [1]

Before he was charged in this case, but while he was engaged in the Hobbs Act and narcotics conspiracies he was later convicted of, Defendant was the victim of a kidnapping during which his cousin was murdered. [DE 336, p. 2]. Evidently Defendant was interviewed by state homicide detectives at the time of that crime. [DE 335, p. 2].

Later, after he had agreed to cooperate with federal law enforcement, government lawyers in this case learned that state detectives wanted to speak with Defendant as part of their ongoing homicide investigation. [DE 336, p. 1]. Those lawyers advised Defendant that "he should also assist in the state investigation by meeting with detectives and providing truthful answers to their questions." [DE 336, p. 1].

---

[1] The plea agreement also mentioned the possibility of the government filing a motion at Defendant's sentencing, pursuant to Section 5K1.1 of the Sentencing Guidelines, for a reduction of his sentence based on Defendant's cooperation with law enforcement. *Id*. The government did file that motion and it lead to the Court sentencing Defendant to a reduced period of incarceration. [DE 335, pp. 1-2; 336, p. 2]. The Motion now before the Court concerns Defendant's request to receive an additional reduction of his sentence, pursuant to Rule 35.

Defendant did give a sworn statement to the homicide investigators. [DE 334, ¶ 2], and in 2009 the State charged Roberto Garcia with the murder of Defendant's cousin. (*See State v. Roberto Garcia*, Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, F09-31557). The prosecution listed Defendant as a witness in that case [DE 334, ¶ 14] and later, in 2015, Garcia pled guilty. According to Defendant, Garcia's counsel reported that "[Defendant's] willingness to testify against Garcia was one of the factors that induced Garcia to plead guilty." [DE 334, ¶ 14]. It is this additional assistance that Defendant gave to the State, *i.e.*, his sworn statement and willingness to testify at the State trial, that Defendant believes obligates the government to move the Court, under Rule 35, for an additional reduction of his sentence.

Defendant's counsel has communicated with lawyers at the U.S. Attorney's Office about this on numerous occasions between 2014 and 2016. [DE 334, pp. 3-7]. The government has advised Defendant's counsel that it does not believe that Defendant's cooperation with the State warrants a sentence reduction under Rule 35, and the government has stated the same in its response to Defendant's motion. [*See* DE 335, *United States Notice of Decision to Not File a Rule 35 Motion*].

**II.   Analysis**

Under Rule 35, the government has the "power, not a duty, to file a motion when a defendant has substantially assisted" the government. *Wade v. United States*, 504 U.S. 181, 185 (1992). A prosecutor's refusal to file a Rule 35 motion is subject to judicial review only when the defendant makes a "substantial threshold showing" that "the refusal was based on an unconstitutional motive, such as race or religion, or demonstrate[s] that

the refusal was not rationally related to any legitimate government end." *United States v. Johns*, 548 Fed. Appx. 581, 583-84 (11th Cir. 2013) (citing *Wade*, 504 U.S. at 185-86). [2]

Here, Defendant argues that the government's refusal to file a Rule 35 motion is not rationally related to a legitimate government end because "Mr. Gallego cooperated with the State as part of his cooperation agreement with the U.S. Attorney's Office." [DE 336, p. 1].[3]

The problem with Defendant's argument is that he simply asserts that he provided what he believes is substantial assistance, without making a "substantial threshold showing" that the government's decision is not rationally related to a legitimate government end. As the Supreme Court explained in *Wade*, "although a showing of substantial assistance is a necessary condition for relief, it is not sufficient one." *Wade*, 504 U.S. at 187. Other courts have addressed this: "[T]he mere fact that Defendant offered such assistance, alone, does not render the Government's refusal to file a Rule 35(b) motion unrelated to any legitimate government interest." *United States v. Whittaker*, No. 6:92-CR-104-ORL-19KRS, 2011 WL 2649975 at * 2 (M.D. Fla. July 6, 2011); *see also United States v. Johns*, No. 1:10-CR-233-01-ODE-LTW, 2013 WL 12144113 at * 3 (N.D. Ga. March 18, 2013) (same); *Johns*, 548 Fed. Appx. at 584

---

[2] *Wade* addressed the authority of courts to review the government's refusal to file a motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553 (e), that asks the court to impose a sentence below a statutory minimum to reflect a defendant's substantial assistance. The standard for judicial review that was set forth in *Wade*, applies equally to the government's authority to seek a sentence reduction under Rule 35. *See e.g., United States v. Johns*, 548 Fed. Appx. 581 (11th Cir. 2013).

[3] Defendant does not contend that the government refused to file a Rule 35 motion because of an unconstitutional motive.

("Because [defendant] does little more than recount the assistance he provided to the government, the district court correctly found that he failed to meet th[e] [*Wade*] standard, and thus he was not entitled to a remedy or to even an evidentiary hearing.") (quotation marks and citation omitted).

The government has given its reasons for not filing a motion under Rule 35. [*See* DE 334, 335]. Defendant has not shown that those reasons are "not rationally related to a legitimate government end." *Wade*, 504 U.S. at 186. He has thus failed to meet his burden.

Defendant also argues that the United States breached the plea agreement by failing to file a Rule 35 motion. [DE 328, p. 2]. However, nothing in the plea agreement obligates the government to file that motion. The plea agreement expressly states that the U.S. Attorney's Office is not required to file a Rule 35 motion, and that the decision whether to do so will be based on the government's "sole and unreviewable judgment."[4] [DE 114, ¶ 10]. The Eleventh Circuit has held that "the government does not breach the plea agreement by declining to file a substantial-assistance motion when the plea agreement leaves that decision to the government's sole discretion." *United States v. Jones*, 480 Fed. Appx. 555, 560 (11th Cir. 2012).

In sum, I conclude that Defendant has not made a substantial showing that the government's refusal to file a motion reducing his sentence was based on an unconstitutional motive or not rationally related to a legitimate government end. I further

---

[4] The plea agreement also provides that in determining the appropriateness of a Rule 35 motion, the "[U.S. Attorney's] Office's assessment of the nature, value, truthfulness, completeness and accuracy of the defendant's cooperation shall be binding…." [DE 114, ¶ 10].

conclude that Defendant has failed to show that the government breached the plea agreement.

### III. Recommendation

Based upon the foregoing, I **RESPECTFULLY RECOMMEND** that Defendant's Motion to Compel Performance of Agreement [DE 328] and Motion for Evidentiary Hearing [DE 337], be **DENIED**.

### IV. Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Paul C. Huck, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 16th day of June, 2017, at Miami, Florida.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Paul C. Huck
　　Counsel of record